IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38355

| DARRYL MAURICE WEAKLEY, | ) | 2011 Unpublished Opinion No. 680 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 2, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order denying application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Darryl Maurice Weakley appeals from the district court's order denying his application for post-conviction relief.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Weakley was charged with three felonies--attempted strangulation, aggravated assault, and domestic violence.  After a jury trial, Weakley was acquitted of attempted strangulation and aggravated assault, but was found guilty of domestic violence.  Weakley was sentenced to a unified term of ten years, with a minimum period of confinement of four years.  Weakley filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied.  Weakley appealed his judgment of conviction, sentence, and the order denying his Rule 35 motion, which this Court affirmed in an unpublished opinion. *State v. Weakley,* Docket No. 35279 (Ct. App. Feb. 1, 2010).  Weakley filed an application for post-conviction relief, asserting two instances of

1

ineffective assistance of counsel. Specifically, Weakley argued that his trial counsel did not adequately represent him during cross-examination. Further, Weakley alleged that his trial counsel erred when he admitted Weakley was guilty of domestic violence during closing argument. After an evidentiary hearing, the district court found that Weakley did not receive ineffective assistance of counsel and denied his application for post-conviction relief. Weakley appeals.

## II.

## ANALYSIS

Weakley asserts that the district court erred when it issued a written order denying his application for post-conviction relief without providing findings of fact or conclusions of law with respect to his claim that he received ineffective assistance of counsel during closing argument.[1] In the words of the Uniform Post-Conviction Relief Act, the "court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." I.C. § 19-4907(a). The purpose behind this requirement is to afford the appellate court an adequate basis upon which to assess any appeal arising from the denial of an application for post-conviction relief. *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct. App. 1985). Without such findings of fact and conclusions of law, this Court is severely hampered in its assessment of an applicant's appeal. *State v. Morris*, 101 Idaho 120, 124, 609 P.2d 652, 656 (1980). However, failure to provide such a record does not necessarily require reversal. *Davis v. State*, 116 Idaho 401, 405, 775 P.2d 1243, 1247 (Ct. App. 1989). The absence of such findings of fact or conclusions of law can be disregarded if the record is clear and yields an obvious answer to the relevant questions raised on appeal. *Id.* As such, assuming, without deciding, that the district court's written order does not thoroughly address Weakley's post-conviction claim that he received ineffective assistance of counsel during closing argument, we will examine Weakley's claim and the record before us to determine whether the district court committed reversible error.

---

[1] We note that Idaho Rules of Civil Procedure 52(b) states that "no party may assign as error the lack of findings unless the party raised such issue to the trial court by an appropriate motion." While Weakley assigns as error the lack of findings, he did not raise the issue to the district court by an appropriate motion. However, we will address Weakley's claim.

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Accordingly, we address whether Weakley's trial counsel was deficient because he admitted Weakley was guilty of domestic violence during closing argument. At the evidentiary hearing on Weakley's application for post-conviction relief, Weakley's trial counsel testified that his "strategy from the beginning was to try and prove that the attempted strangulation just didn't happen and that the aggravated assault just didn't happen, but that the domestic violence was of a misdemeanor level instead of a felony level." Counsel further testified:

3

I know this Court very well. And I know that if [Weakley] had been convicted of those three felonies, he would have gone to prison for a very, very long time. He had a very long prior record. . . . But I knew he would get really hit with a very serious sentence if he got convicted of those felonies.

So my goal was to get him not only acquitted of what I could, but also to get him off of the felony and onto a misdemeanor where we could minimize the damage. . . . I could not ignore that 800-pound gorilla in the room which was that nasty black eye.

Additionally, Weakley's counsel testified that, in his judgment, it was unlikely the jury would believe the victim's black eye was the result of an accident and he did not want to lose credibility by trying to claim it was the result of an accident. He "felt like the jury would want to pin something on [Weakley] for that black eye" and "wanted to give them something that they could convict him of, a lesser offense."

Weakley does not assert, and based upon the record we do not conclude, that his trial counsel's strategic decision to argue for a misdemeanor instead of a felony was based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Therefore, this strategic decision will not be second-guessed on appeal. The record is clear and yields an obvious answer to Weakley's assertion of ineffective assistance of counsel. Weakley has not shown by a preponderance of the evidence that his trial counsel's representation fell below an objective standard of reasonableness. As such, Weakley's ineffective assistance of counsel claim fails under the first prong of *Strickland*.

## III.

## CONCLUSION

Weakley has not shown by a preponderance of the evidence that his trial counsel's representation during closing argument was deficient. Therefore, the district court's order denying Weakley's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**

4