**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42425**

| | | |
|---|---|---|
| **FRANCISCO PETE TARIN,** | ) | **2015 Unpublished Opinion No. 774** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  December 30, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Jon J. Shindurling, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Francisco Pete Tarin appeals from the district court's judgment summarily dismissing his petition for post-conviction relief, arguing that his claims raised genuine issues of material fact and were supported by uncontroverted evidence.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Tarin pleaded guilty to two counts of felony eluding.  In one case, he was sentenced to a unified five-year term, with one and one-half years determinate; in the other, he was sentenced to a unified five-year term, with two years determinate.  The district court ordered that the sentences run consecutively.  Tarin filed Idaho Criminal Rule 35 motions to reconsider his sentences, which were denied.

Tarin subsequently filed a pro se petition for post-conviction relief alleging ineffective assistance of trial counsel.  Specifically, Tarin argued:  (1) his counsel told him that if he pleaded

1

guilty, he would be placed on probation and his sentences would run concurrently; (2) at sentencing, his counsel failed to inform the district court of alternative sentencing options that Tarin's family had arranged and agreed to pay for; and (3) his counsel argued for an increased sentence at the Rule 35 motion hearing. In support of his claims, Tarin submitted an affidavit on his own behalf. The State did not respond by answer or motion.

The district court filed an order appointing post-conviction counsel and a notice of intent to dismiss. In its notice of intent to dismiss, the district court stated that Tarin "submits nothing of which the court could take cognizance establishing that the attorney's performance fell below an objective standard [of] reasonableness nor that any such failure raises a reasonable probability that, but for any such failure, the result would have been different." The district court also stated that Tarin's conclusory claims were "belied by the record . . . and unsupported by any testimony of any person competent to make such objective observations." Tarin filed a pro se response to the notice of intent to dismiss. Afterward, Tarin's post-conviction counsel appeared and filed an objection to the notice of intent to dismiss.

The district court held two hearings on the notice of intent to dismiss. At the first hearing, the district court told counsel for both parties that he did not have a transcript of the sentencing hearing or the underlying file. The district court continued the hearing because it wanted "an opportunity to review the underlying court file."

At the second hearing, the district court stated that it did not have the file for the underlying criminal case. Because the district court had not reviewed the file, Tarin's counsel summarized the sentencing hearing. The district court then sought the State's input on the notice of intent to dismiss. The State informed the court that it was "merely specially appearing" because it had not yet formally appeared.[1] The State argued that the sworn information did not comply with case law requiring that a petition be supported by admissible evidence.

---

[1] It is unclear what the State means or hopes to accomplish by making a "special appearance." A special appearance is generally reserved for a party contesting personal jurisdiction, which did not happen here. *See* I.R.C.P. 4(i). This Court can only assume that the State is asserting a special appearance because it failed to respond by answer or motion, as required under I.C. § 19-4906(a). Failing to follow proper post-conviction procedure does not permit a party to make a special appearance. *See Rhino Metals, Inc. v. Craft*, 146 Idaho 319, 189 P.3d 463 (2008) (holding that a party can only specially appear if they follow the procedure set forth in I.R.C.P. 4(i)). In any event, the claimed special appearance was improper because the

The district court dismissed the petition. Tarin subsequently filed an appeal and the district court filed an order appointing appellate counsel. Because there was no written order or final judgment, appellate counsel filed a motion for entry of final judgment with the district court. The district court filed a final judgment stating that "Petitioner is denied relief on all claims and the Petition is dismissed with prejudice."

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Tarin argues that each of his three claims was supported with uncontroverted evidence and was sufficient to raise a genuine issue of material fact. Tarin also argues that the district court improperly relied on its memory of Tarin's Rule 35 motion hearing.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the

State did not, and cannot, contest personal jurisdiction since the State had voluntarily appeared at an earlier hearing.

petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be

4

summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

## A.     Representations by Trial Counsel

In his petition for post-conviction relief, Tarin argued that his counsel was ineffective because his counsel told him that if he pleaded guilty, he would be placed on probation and that his sentences would run concurrently. In his objection to the notice to dismiss and at the subsequent hearings, Tarin's post-conviction counsel acknowledged that alleged assurances of leniency made only by a petitioner's counsel do not constitute grounds for post-conviction relief. *See Walker v. State*, 92 Idaho 517, 521, 446 P.2d 886, 890 (1968). On appeal, Tarin has modified his claim, arguing that the record is devoid of evidence indicating that the assurance of leniency was only made by counsel, and not pursuant to a plea agreement. Tarin's argument fails.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Failing to raise an issue in the lower court, thus denying the trial court the opportunity to rule on the alleged error, constitutes waiver of that issue on appeal. *State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991). Tarin asserts for the first time on appeal, that the prosecutor or plea agreement made an assurance of leniency. A petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. Here, Tarin has provided no evidence to support his claim that the prosecutor or the plea agreement made an improper assurance of leniency. Therefore, this claim is without merit and the district court correctly summarily dismissed this claim.

## B.     Counsel's Alleged Failure to Inform the District Court of Alternative Sentencing Options

Tarin argues that his counsel failed to present alternative sentencing prospects to the district court at sentencing. In his affidavit, Tarin stated that his family had arranged and was willing to pay for an inpatient drug/alcohol program and that his attorney never followed up on the information. At the hearing on the objection to notice to dismiss, Tarin's post-conviction

counsel stated that he had not obtained any additional evidence and that the drug and alcohol counseling appeared to not be as "solidly set in place as Mr. Tarin thought it was." Nonetheless, Tarin argues that no evidence controverts his claim and that trial counsel's failure to inform the district court fell below an objective standard of reasonableness.

To prevail on this claim, Tarin must show that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Richman v. State*, 138 Idaho 190, 192, 59 P.3d 995, 997 (2002). To establish a deficiency, Tarin must show that his attorney's representation fell below an objective standard of reasonableness. *Id.* Tarin bears a heavy burden in proving that his attorney's performance was deficient. *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App. 1989). Because of the distorting effects of hindsight in reconstructing the circumstances of counsel's challenged conduct, there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance--that is, sound trial strategy. *Id.* Therefore, strategic or tactical decisions made by trial counsel will not be second-guessed on review, unless those decisions are made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. *Id.*

Here, we have only Tarin's conclusory statement that his counsel's performance was deficient. There is no evidence challenging trial strategy, nor is there any evidence supporting that the decision not to present evidence was based on inadequate preparation, ignorance of law, or other shortcomings capable of objective evaluation. Tarin alleges no facts and produces no evidence from family members detailing what the program was. In fact, based on counsel's statements at the post-conviction hearing, it appears there may not have been a "solid" plan to present.

To establish prejudice, Tarin must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* The district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

Assuming, *arguendo*, that the performance of his attorney was deficient, Tarin still failed to establish prejudice. In his objection to the notice of intent to dismiss, Tarin asserts that had the court been aware of the alternative treatment, the court may have considered the option.

6

Such speculation, absent any other facts, does not establish with reasonable probability that the result would have been different. Therefore, there is insufficient evidence to support this claim and the court correctly summarily dismissed the claim.

## C. Counsel's Alleged Argument to Increase Tarin's Sentence at the Rule 35 Motion Hearing

Tarin argues that his counsel was ineffective at the Rule 35 motion hearing because he argued for an increased sentence. The district court continued the first hearing on the objection of the notice of intent to dismiss so that it could review the Rule 35 proceedings. At the second hearing, the district court noted that it still had not reviewed the underlying records.[2] At the hearing on the objection to the notice of intent to dismiss, Tarin's post-conviction counsel summarized trial counsel's argument at the Rule 35 motion hearing. However, the hearing transcript was never entered into evidence, nor did the district court take judicial notice of the underlying proceeding.

To prevail on this claim, Tarin must show that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Richman*, 138 Idaho at 192, 59 P.3d at 997. To establish a deficiency, Tarin must show that his attorney's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, Tarin must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* The district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

Here, based on the limited evidence in the record, we conclude that trial counsel's request for an increased sentence was deficient performance.[3] However, we cannot find that Tarin has established prejudice. Tarin failed to present any evidence to show that, but for his attorney's

---

[2] The district court's notice of intent to dismiss states that Tarin's claims are belied by the record, which is concerning because the district court ostensibly admitted that it never reviewed the underlying record.

[3] The Court cannot consider statements made by post-conviction counsel and the district court about their recitation or recollection of the Rule 35 motion hearing because the underlying record was never admitted. Therefore, Tarin's assertion that his attorney advocated for an increased sentence is uncontroverted.

deficient performance, the result would have been different. Therefore, there is insufficient evidence to support this claim and it should be summarily dismissed.

We do agree with Tarin's allegation that the district court improperly relied on its memory at the hearing on the objection to the notice of intent to dismiss.[4] The Idaho Supreme Court has held that it is error for the district court to base its decision on judicial notice of the judge's personal recollection of events in the criminal proceeding. *Matthews v. State*, 122 Idaho 801, 807-08, 839 P.2d 1215, 1221-22 (1992). The lack of record could have been easily remedied. In a post-conviction proceeding, a petitioner must support its allegation with affidavits, records, and other supporting evidence or the application shall recite why they are not attached. I.C. § 19-4903. Acting pro se, Tarin failed to attach the transcript of the sentencing hearing. Tarin's post-conviction counsel should have noticed the transcript was missing and moved to augment the petition with the transcript. The State also failed to comply with its statutory responsibility to file an answer or motion and to provide relevant portions of the underlying record with that motion or answer. *See* I.C. § 19-4906(a). However, a court does not need to take judicial notice of proceedings in the underlying criminal action if the applicant does not make a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. Because we have concluded that Tarin did not make a prima facie case showing that he was prejudiced by his attorney's action, the district court's error was harmless. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983) (error is not reversible unless it is prejudicial).

The State's position of responding only if relief were likely to be granted and failing to file an answer or motion, or to provide relevant portions of the record is also concerning. The State was a named party, and we hope that the casual disregard of and lack of compliance with the relevant statutes and court rules is not a consistent practice.

---

[4] At the hearing, the district court stated:

> I remember Mr. Tarin . . . the two cases involved a two-year determinate in one case, and a one-and-a-half determinate in the other case, and there was some indeterminate time. And the cases were consecutive.
>
> So in reality what the defendant would have to serve is three-and-a-half determinate time prior to being parole-eligible. Counsel was trying to fashion something where there wouldn't be any reduction in that three-and-a-half-year time, determinate, but it would kind of collapse the indeterminate time together.

8

## IV.
## CONCLUSION

Based on the foregoing, the district court's judgment summarily dismissing Tarin's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.