903 P.2d 1336

**Ralph MEDRANO, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21665.

Court of Appeals of Idaho.

Sept. 29, 1995.

Randall D. Schulthies, Pocatello, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

WALTERS, Chief Judge.

Ralph Medrano appeals from a district court's order summarily dismissing his application for post-conviction relief. For the reasons explained below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Medrano guilty of first-degree kidnapping as a result of his abduction

of a fourteen-year-old girl for sexual purposes. I.C. § 18–4502. The judgment of conviction and sentence imposed by the district court were upheld on an earlier appeal. *State v. Medrano*, 123 Idaho 114, 844 P.2d 1364 (Ct.App.1992). Medrano subsequently filed an application for post-conviction relief and a motion for appointment of counsel.

Medrano's application sought to have his conviction and sentence set aside on the following grounds. First, Medrano alleged that the district court failed to apply the standards set forth in I.C. § 19–2523(1), relating to mental illness, when imposing Medrano's sentence. Next, Medrano alleged that the district court violated Medrano's right to a fair trial when the court refused the jury's request to review a transcript of Medrano's preliminary hearing during the jury's deliberations. Finally, Medrano alleged that he was deprived of the effective assistance of counsel during his trial because his attorney (a) failed to perform adequate pretrial discovery by obtaining a weather report which would have shown that the weather on the day of the kidnapping was rainy rather than sunny as testified to by the victim and a police officer at the trial;[1] (b) failed to timely file a motion for suppression of inculpatory statements made by Medrano to a police officer; (c) failed to timely request an instruction on the lesser included offense of enticing a child; (d) failed to exercise challenges for cause with respect to three jurors selected to participate in the trial; and (e) failed to secure records from a hospital showing Medrano's prior treatment for a mental condition which would have made the standards in I.C. § 19–2523(1) applicable to his case.[2]

The district court granted Medrano's motion for appointment of counsel and directed the State to file a response to the application. After the State filed its answer denying the claims in the application, the court allowed

oral argument by counsel at a hearing to determine whether evidence in support of the application should be received. At the conclusion of that hearing, the district court summarily dismissed Medrano's application on the ground that his claims were without merit and that no genuine issues of fact existed to warrant an evidentiary hearing.

On appeal, Medrano does not contend that the district court erred by failing to hold an evidentiary hearing on any of the claims raised in the application for post-conviction relief. Instead, he argues that relevant portions of the record of his jury trial support his contention that he should be granted a new trial on the kidnapping charge upon the allegations stated in the application for post-conviction relief.

## APPLICABLE STANDARDS

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the

---

1. On appeal, Medrano does not claim any error or present any argument with respect to the district court's dismissal of this claim. Accordingly, we will not address it further. I.A.R. 35(4) and (6).

2. On appeal, Medrano does not assert any error or present any argument with respect to the district court's dismissal of this alleged claim of ineffective assistance of counsel.

applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the petition. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

▮▮▮ Idaho Code § 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence, for the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State,* 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987); *Baruth v. Gardner,* 110 Idaho 156, 159–60, 715 P.2d 369, 372–73 (Ct.App.1986).

▮▮▮ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray,* 121 Idaho at 924–25, 828 P.2d at 1329–30. To prevail on an ineffective assistance of counsel claim, the defendant must show that his attorney's performance was deficient, and that he was prejudiced by the deficiency. *Hassett v. State,* 127 Idaho 313, 900 P.2d 221 (Ct.App.

1995); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990); *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App.1989). To establish a deficiency, the applicant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at .656. To establish prejudice, the applicant must show a reasonable probability that, but for his attorney's deficient performance, the outcome of his trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656.

▮▮▮ Furthermore, in a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the court properly may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Huck v. State,* 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct.App.1993). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the test. *Id.* at 158–59, 857 P.2d at 637–38. If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of his pursuit. *Id.*

## DISCUSSION

### I. MENTAL ILLNESS AND PSYCHOLOGICAL EVALUATION

In his application for post-conviction relief, Medrano claimed that the district court failed to consider the factors set forth in I.C. § 19–2523(1) prior to imposing the sentence.[3] He

---

3. Idaho Code § 19–2523(1) permits the court to consider evidence offered with respect to the

defendant's mental condition, in addition to other criteria provided by law, in determining the

asserted that the court erred by not ordering a psychological evaluation as recommended by the presentence investigator, and by not considering Medrano's psychological reports from the Atascadaro State Mental Hospital,[4] which would have had a bearing on the application of the factors in I.C. § 19–2523(1).

■ However, the question of whether any additional psychological evaluations should have been obtained before the district court imposed sentence was raised as an issue on Medrano's direct appeal from the judgment of conviction. Consequently, the district court was not required to consider the issue anew in the post-conviction action. I.C. § 19–4901(b); *Paradis v. State,* 110 Idaho 534, 716 P.2d 1306 (1986). The district court correctly dismissed this claim, without an evidentiary hearing, in considering Medrano's application for post-conviction relief.

## II. PRELIMINARY HEARING TRANSCRIPT

Next, Medrano argues that the district court erred in denying relief on his claim that he was deprived of a fair trial because the district court refused a request by the jury to review the transcript of his preliminary hearing during the jury's deliberations. He submits that the trial court should have made some reasonable attempt to honor the jury's request.

■ The record in Medrano's trial shows that the transcript of the preliminary hearing

was never admitted as evidence to be submitted to the jury for its consideration, although it was "published" and some portions were used by counsel during their interrogation of several witnesses by reference to or by quoting various questions and answers appearing in the transcript. After the case was submitted to the jury, the jury sent a note to the court—by way of the bailiff—inquiring whether the jury could have a copy of the transcript. The district court responded by writing "No" on the jury's note after conferring with counsel and obtaining their waiver on the record of any objection to that response.

We hold that the district court did not err by disallowing the jury's request to review the preliminary hearing transcript, which had not been introduced as evidence for the jury's consideration. We further conclude that, because the district court properly rejected the jury's request, the court's ruling would not serve as a basis for post-conviction relief either by itself or as a claim of ineffective assistance of counsel for failing to resist the court's decision not to give the transcript to the jury.

## III. MOTION TO SUPPRESS

After the jury was selected in Medrano's criminal trial, but before any witnesses were called to testify, the district court considered a motion by Medrano to suppress certain

---

sentence to be imposed. The statute also provides that, if the defendant's mental condition is a significant factor, the court shall consider such factors as:

(a) the extent to which the defendant is mentally ill;
(b) the degree of illness or defect and level of functional impairment;
(c) the prognosis for improvement or rehabilitation;
(d) the availability of treatment and level of care required;
(e) any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;
(f) the capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.

I.C. § 19–2523(1). However, similar to a review of the criteria set forth in I.C. § 19–2521 for placing a defendant on probation or imposing imprisonment, we have held that the sentencing court is not required to check off or recite each of the factors in I.C. § 19–2523(1) for the benefit of the defendant. *Fenstermaker v. State,* —— Idaho ——, 912 P.2d 653 (Ct.App. No. 21498, slip op. August 4, 1995); *State v. Burroughs,* 107 Idaho 195, 196, 687 P.2d 585, 586 (Ct.App.1984).

4. According to the record in the appeal of the underlying criminal case, no. 19234, Medrano was convicted of forcible oral copulation, enhanced by great bodily injury and the use of a deadly weapon, in 1978. As a result, he spent five years at the Atascadaro State Mental Hospital in California and two years on probation before moving to Idaho.

evidence. Medrano sought to exclude any statements he made to law enforcement officers on the ground that the statements were taken prior to Medrano being advised of his *Miranda* rights.[5] The district court denied the motion because it was untimely under I.C.R. 12(b) and (d). Nonetheless, the district court permitted Medrano to later challenge the introduction of this evidence during the trial when the prosecutor presented testimony by two police officers, Madden and Shaw. The court overruled Medrano's objection with regard to Officer Madden's testimony and permitted Officer Madden to testify concerning Medrano's statements because the statements made to that officer occurred while Medrano was not in custody. However, the district court disallowed other statements subsequently made to Officer Shaw because those statements had been obtained in violation of *Miranda*.

On his direct appeal from the judgment of conviction, Medrano asserted that the district court's initial decision to deny the suppression motion on the ground of untimeliness was an abuse of the court's discretion. He also maintained that the court erred by overruling his subsequent objection to Officer Madden's testimony upon concluding that Medrano's statements to Officer Madden were not made in violation of *Miranda*. The district court's rulings on each of these points were upheld on the earlier appeal, *State v. Medrano*, 123 Idaho 114, 844 P.2d 1364 (Ct. App.1992).

Through his application for post-conviction relief, Medrano sought to relitigate the suppression issues, under the theory that he had been deprived of the effective assistance of counsel when his attorney failed to file the suppression motion timely. The district court denied this claim on the ground that

Medrano had not suffered any prejudice as a result of the untimely filing because he was later allowed to challenge the officer's testimony during the trial. The court noted also that its rulings had been upheld on the earlier appeal.

■■■■■ We uphold the decision of the district court in dismissing this claim. It is well-established that the Uniform Post-conviction Procedure Act does not require a trial court to again consider issues previously heard and decided on appeal. *Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970). While the same issues may be indirectly raised in connection with a claim of ineffective assistance of counsel, *Paradis v. State*, 110 Idaho 534, 545, 716 P.2d 1306, 1317 (1986), such a claim fails if there was no prejudice resulting to the applicant. The lack of prejudice here is amply supported by our observation on the earlier appeal that the district court did not abuse its discretion by denying the motion to suppress, "particularly since [Medrano] was later given the opportunity to argue for exclusion during trial." *Medrano*, 123 Idaho at 117, 844 P.2d at 1367. Finally, Medrano has made no showing that, had a timely suppression motion been filed, additional evidence could have been developed to demonstrate that his *Miranda* rights were violated.

## IV. INSTRUCTION ON LESSER OFFENSE

The record of the underlying criminal case shows that, during a jury instruction conference following the close of evidence, Medrano's counsel submitted a proposed instruction on the lesser included offense of enticing a child.[6] The district court decided not to give the requested instruction to the jury because

5. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6. The requested instruction does not appear in the record, but evidently was based on I.C. § 18–1509. Under that statute, it is a misdemeanor for a person acting without authority from the

custodian of a child to persuade, by words or actions, a child under the age of sixteen to (a) leave the child's home or school; (b) enter a vehicle or building; or (c) enter a structure or enclosed area, or alley, with the intent that the child shall be concealed from public view.

it had not been timely submitted.[7] Although Medrano's counsel objected on the record to this ruling, the ruling was not challenged in Medrano's appeal from the judgment of conviction. However, Medrano then raised the issue in his application for post-conviction relief, alleging that because his attorney failed to timely submit the "enticing" instruction, he was prejudiced by deficient performance.[8]

Addressing this claim at the hearing on Medrano's post-conviction application, the district court ruled that counsel's failure to timely request the "enticing" instruction did not entitle Medrano to post-conviction relief, because the court would not have granted the requested instruction "even if it had been asked, given the evidence in the case."

We have reviewed the transcript of Medrano's criminal trial and agree with the district court's conclusion. The victim testified that she was accosted and grabbed by Medrano on the street on her way to school; that he forcibly and violently threw her into his automobile while she was kicking and screaming; and that he sexually molested her against her will while driving several blocks before letting her out of the car near her school. A reasonable view of the evidence would not support a finding that Medrano's conduct amounted merely to "persuading" the child to enter Medrano's vehicle, as a lesser included offense of the charged kidnapping. Where a reasonable view of the evidence would not support a finding that the defendant is guilty of a lesser included offense, the trial court is not required to give an instruction on the lesser offense, despite the defendant's request that it do so. *State v. Seiber*, 97 Idaho 140, 540 P.2d 802 (1975); *State v. Beason*, 95 Idaho 267, 506 P.2d 1340 (1973); *State v. Clokey*, 83 Idaho 322, 364 P.2d 159 (1961); *State v. Atwood*, 105 Idaho 315, 669 P.2d 204 (Ct.App. 1983). Because the "enticing" instruction would not have been justified upon a reasonable view of the evidence presented at Medrano's trial, he was not prejudiced by the untimeliness of his counsel's request for the proposed instruction. We therefore uphold the district court's denial of this claim for relief in Medrano's post-conviction application.

## V. PROSPECTIVE JURORS— CHALLENGES FOR CAUSE

Medrano claimed ineffective assistance of counsel with respect to his attorney's failure to challenge for cause, pursuant to I.C. § 19-2019, two prospective jurors who had "strong and close ties" to the same junior high school as the alleged victim, and a third prospective juror who was acquainted with a member of the prosecuting attorney's office. Medrano essentially alleged that because his attorney

7. Idaho Criminal Rule 30(a) provides, in pertinent part, that "[a]t the close of the evidence or at such earlier time as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the request." This rule allows the trial court to set deadlines for jury instructions at its discretion. Here, Medrano's counsel failed to meet the deadline set earlier by the court.

8. The State argues that the court correctly refused the jury instruction as being untimely, and that failure to provide this instruction to the jury could not have been attributed to ineffective assistance of counsel because, pursuant to I.C. § 19-2132, it is the duty of the *court* to instruct the jury on lesser included offenses when a reasonable view of the evidence would support such a finding that the defendant committed the lesser included offense, but not the offense charged. The State refers to *State v. Tribe*, 123 Idaho 721,

852 P.2d 87 (1993), in support of its contention. However, the State fails to note that the *Tribe* decision was predicated upon I.C. § 19-2132(b) as it existed prior to a 1988 amendment. Prior to the 1988 amendment, the statute provided that "The court shall instruct the jury on lesser included offenses when they are supported by any reasonable view of the evidence." As amended in 1988, I.C. § 19-2132(b) provides that the court shall instruct the jury with respect to a lesser included offense if:

(1) Either party requests such an instruction; and
(2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.

did not adequately investigate these factors, Medrano was tried by jurors who may have held biases against him.

The district court ruled against this allegation on the ground that counsel's decision whether to exclude certain jurors is a "trial tactic" and that Medrano's petition contained "no showing that any one of these jurors were prejudiced against [Medrano] or that they had their minds made up because of some reason irregardless of the evidence." Accordingly, the district court dismissed this claim on the grounds that counsel's performance was not demonstrably deficient or fell below an expected standard of reasonableness, and that no prejudice appeared.

 We agree with the district court that a challenge for cause of a prospective juror falls within the wide range of trial strategy. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994); *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989).

 Here, Medrano did not provide any evidence with his petition to support his conclusory allegation that prospective jurors were prejudiced against him or may have reached their verdict because of some reason other than the evidence presented at Medrano's criminal trial. We conclude that the district court correctly dismissed this claim upon Medrano's failure to raise a genuine issue of material fact showing that his attorney's performance was deficient or that Medrano was thereby prejudiced.

## CONCLUSION

The district court properly held that Medrano's application for post-conviction relief did not raise any claim upon which relief should be granted. The district court did not err in dismissing the application for post-conviction relief without an evidentiary hearing.

The judgment and order dismissing the application for post-conviction relief is affirmed.

LANSING and PERRY, JJ., concur.