923 P.2d 502

**Wilbur L. SABIN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22631.

Court of Appeals of Idaho.

Sept. 10, 1996.

Whittier, Souza and Clark, Cht., Pocatello, for appellant.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

The district court entered an order pursuant to Idaho Code Section 19–4906(b) giving notice of intent to dismiss Wilbur Sabin's application for post-conviction relief. This order stated the district court's reasons for the proposed dismissal and gave Sabin twenty days within which to reply to the proposed dismissal order, as provided in Section 19–4906(b). When Sabin did not file a responsive pleading within the time allowed, the district court ordered dismissal of the application. Sabin did not then file a motion for reconsideration or a motion for relief from the judgment of the district court.

On appeal, Sabin raises a single issue. He contends that the district court erred in its decision to dismiss the application for lack of proper venue.

We conclude that Sabin is procedurally barred from raising this issue, for the first time, on this appeal. The purpose of the twenty days' notice required by Section 19–4906(b) is to ensure that the applicant will have an opportunity to challenge an adverse decision before it becomes final. *Baruth v. Gardner*, 110 Idaho 156, 715 P.2d 369 (Ct. App.1986); *Gibbs v. State*, 103 Idaho 758, 653 P.2d 813 (Ct.App.1982). It also serves the purpose of allowing the petitioned court the opportunity to correct any error brought to its attention by the applicant's reply to the notice. Here, by his inaction, Sabin did not take advantage of his opportunity to focus the district court's attention upon a suspected error, but instead waived the right to challenge the proposed dismissal. Hence, the district court never received the benefit of Sabin's analysis as to why he believed the proposed dismissal to be erroneous. By this procedure, the district court has been deprived of the opportunity to correct any error.

Nonetheless, Sabin seeks to invoke the appellate process to remedy an alleged error upon which the district court has not yet ruled. In *Schiewe v. Farwell*, 125 Idaho 46, 867 P.2d 920 (1993), our Supreme Court held: "On appeal, neither this Court, nor the Court of Appeals, can consider issues which were not raised before the trial court." 125 Idaho at 49, 867 P.2d at 923. Consistent with this view, we hold that a procedural default has occurred which precludes this Court from entertaining Sabin's attack on the dismissal order. In cases where the trial court issues a notice of intent to dismiss under Section 19–4906(b), setting forth the grounds and giving the applicant twenty days to respond, the failure of the applicant to file a responsive pleading or to challenge the district court's rationale through a post-judgment motion waives any challenge to that order on appeal.

Accordingly, the appeal is denied, and the order of dismissal is affirmed.