958 P.2d 603

**Roland CHAVARRIA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 23794.**

Court of Appeals of Idaho.

May 7, 1998.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Chavarria pled guilty to one count of lewd conduct with a minor under sixteen in exchange for the dismissal of two additional, similar counts. The district court imposed a unified fifteen-year sentence with five years fixed. Chavarria filed a motion for reduction of sentence pursuant to I.C.R. 35, which the district court denied following a hearing. Chavarria filed a direct appeal challenging only the reasonableness of his sentence, which was upheld by this Court in an unpublished opinion. *State v. Chavarria*, Docket No. 21180 (Ct.App. February 6, 1995). Subsequently, Chavarria filed a *pro se* application for post-conviction relief pursuant to the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901 to –4911 (UPCPA), and the district court appointed counsel to represent Chavarria throughout the proceedings.[1]

The essence of Chavarria's petition was that counsel provided ineffective assistance. Specifically, Chavarria asserted that he was denied the effective assistance of counsel because his attorney failed to move to suppress his confession and because his attorney promised that he would receive a sentence no greater than six years with two years fixed. In addition, Chavarria claims that his denial of the effective assistance of counsel was aggravated by the fact that he could only read at a third-grade level and was unable to read his presentence investigation report to make corrections. Chavarria argues that as a result of this ineffective assistance of counsel, his plea of guilty was involuntary.

The state filed an answer to Chavarria's petition and moved for summary dismissal on the ground that it had not been filed within the one-year limitation period. Chavarria's counsel filed an objection and response to the state's motion. The court subsequently denied the state's motion for summary dismissal, finding that the petition was not time-barred. However, in a detailed order, the district court, sua sponte, conditionally dis-

Walker Law Office, Weiser, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Roland Chavarria appeals from the district court's order summarily dismissing all claims raised in his petition for post-conviction relief. For the reasons explained below, we affirm.

1. Counsel on appeal is not the same attorney appointed to represent petitioner at the trial lev- el.

missed all claims in the application on other grounds pursuant to I.C. § 19–4906(b). This conditional order of dismissal spoke to each assertion raised by Chavarria and gave him the statutorily required twenty days within which to reply to the proposed dismissal. When no response was forthcoming, the court summarily dismissed the petition for post-conviction relief.

On appeal, Chavarria revives the ineffective assistance of counsel claims he initially raised in his application and asserts that the district court erred in dismissing his application without conducting an evidentiary hearing.

## II.

### STANDARD OF REVIEW

 An application for post-conviction relief filed pursuant to the Uniform Post–Conviction Procedure Act is civil in nature and is governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State,* 127 Idaho 469, 470, 903 P.2d 58, 59 (1995). A district court's "[s]ummary dismissal of an application pursuant to § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56." *Medrano v. State,* 127 Idaho 639, 642, 903 P.2d 1336, 1339 (Ct.App.1995). If an applicant facing a motion for summary dismissal fails to present evidence making a *prima facie* case, then summary dismissal is appropriate. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). Furthermore, an application for post-conviction relief must present or be accompanied by admissible evidence to avoid summary dismissal. *Medrano,* 127 Idaho at 642–43, 903 P.2d at 1339–40. Thus, the threshold issue on "appeal from the summary dismissal of an application for post-conviction relief is whether the application, affidavits, or other evidence supporting the application allege facts which, if true, would entitle the applicant to relief." *Roman,* 125 Idaho at 647, 873 P.2d at 901, *citing Whitehawk v. State,* 116 Idaho 831, 780 P.2d 153 (Ct.App.1989). However, even if the evidence supporting the application is uncontroverted, summary dismissal may be appropriate as "the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *Medrano,* 127 Idaho at 643, 903 P.2d at 1340.

## III.

### ANALYSIS

Chavarria argues that he received ineffective assistance of counsel when counsel failed to move to suppress his confession and by counsel's failure to inform him that the court was not bound by any sentencing recommendations. The district court evaluated Chavarria's allegations and determined them to be contradicted by the record, conclusory in nature, or otherwise waived. Chavarria was advised by written order on February 21, 1997, that he had twenty days within which to respond to the order of conditional dismissal or his claims, in default thereof, would be dismissed. In the absence of a response, the district court dismissed the petition on March 19, 1997.

 After the court issued its conditional order of dismissal pursuant to I.C. § 19–4906(b), neither Chavarria nor his appointed counsel attempted to submit any further reply to support the allegations that trial counsel was ineffective and that the guilty plea was involuntarily entered. This failure to respond to the district court's conditional dismissal order amounts to a procedural default which precludes this Court from considering these claims on appeal. *See Sabin v. State,* 129 Idaho 257, 258, 923 P.2d 502, 503 (Ct.App.1996); *Fox v. State,* 129 Idaho 881, 884, 934 P.2d 947, 950 (Ct.App.1997). It is incumbent upon defense counsel to prevent this procedural default or otherwise risk the summary dismissal of his client's petition for post-conviction relief.[2]

---

2. The Idaho Supreme Court has held that post-conviction proceedings are civil in nature and therefore the protection of the Idaho Const. art. I, § 13 and the U.S. Const. amend. VI, do not provide a constitutional remedy for ineffective assistance of counsel in state post-conviction proceedings. *Lee v. State,* 122 Idaho 196, 199, 832 P.2d 1131, 1134 (1992), *citing Coleman v. Thompson,* 501 U.S. 722, 742, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

## IV.

### CONCLUSION

Accordingly, we affirm the district court's order summarily dismissing Chavarria's petition for post-conviction relief.

LANSING, C.J., and PERRY, J., concur.