32 P.3d 156

**Kelly A. REPP, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 26126.

Court of Appeals of Idaho.

May 16, 2001.

Rehearing Denied July 19, 2001.

Kelly A. Repp, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Chief Judge.

Kelly A. Repp appeals from the summary dismissal of his application for post-conviction relief, entered after Repp failed to timely respond to the district court's proposed order of dismissal. We affirm.

## I.

### FACTS AND PROCEDURE

In November of 1994, Repp pled guilty to one count of lewd conduct with a child under sixteen years of age, I.C. § 18–1508. The district court sentenced Repp to a unified term of ten years, with three years fixed. The district court retained jurisdiction, and once Repp successfully completed his rider, the court placed him on five years' probation. Three years later, Repp violated the terms and conditions of his probation; his probation was revoked; and his previously imposed but suspended sentence was ordered into execution. As a part of Repp's probation violation, he pled guilty to one count of unlawful possession of a firearm, I.C. § 18–3316. For this offense, the district court sentenced Repp to a unified term of five years, with two years fixed, and ordered the sentence to run concurrent with the previously suspended sentence that he was serving.

On August 31, 1999, Repp filed his application for post-conviction relief, requesting relief from both of the previously mentioned convictions. In his application, Repp alleged ineffective assistance of counsel and that he was subjected to cruel and unusual punishment by being exposed to an active case of tuberculosis through a cellmate who later died from that disease. Thereafter, Repp contracted an active case of tuberculosis and was treated for such in prison. Repp's ineffective assistance of counsel claims were based on allegations that his trial counsel: (1) "failed to move in a timely manner for a Motion for Continuance, as to allow time for a critical witness to make the trip from Alaska"; (2) lied to Repp concerning his ability to file an I.C.R. 35 motion or post-conviction relief; and (3) failed to file either motion upon Repp's request.

On September 8, the district court appointed post-conviction counsel to represent Repp. The state filed an answer denying the allegations asserted in the application. Repp requested an evidentiary hearing, and the court heard argument on whether one should take place. On October 27, the district court entered its proposed order of dismissal finding that Repp "does not raise a material factual issue on either the ineffective assistance of counsel or the cruel and unusual punishment claim which would warrant an evidentiary hearing" and "no legitimate purpose would be served by additional proceedings in this matter." In its proposed order, the district court provided: "Petitioner has twenty (20) days to reply to this Proposed Order of Dismissal. Absent good cause showing in a timely-filed reply by Petitioner, this Order shall be final." See I.C. § 19–4906(b). Repp failed to respond within twenty days and the district court's proposed order of dismissal became final.

On November 19, Repp filed his notice of appeal and moved for the appointment of appellate counsel. Three days later, the district court appointed Repp appellate counsel. However, on June 6, 2000, the Office of the State Appellate Public Defender filed a motion to withdraw as counsel for Repp, recognizing that Repp was "procedurally barred from challenging the district court's order to dismiss his petition for post-conviction relief." Appellate counsel was permitted to withdraw from representation of Repp on August 2; Repp proceeded *pro se*.

## II.

### REPP HAS WAIVED ANY CHALLENGE TO THE DISTRICT COURT'S DISMISSAL OF HIS APPLICATION FOR POST CONVICTION RELIEF BECAUSE REPP FAILED TO REPLY TO THE COURT'S NOTICE OF INTENT TO DISMISS UNDER I.C. § 19–4906(b)

Idaho Code § 19–4906(b) provides:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

After reviewing the evidence and pleadings before it, the district court found that "no purpose would be served by any further pro-

ceedings" and found "as a matter of law, that Petitioner is entitled to none of the post-conviction relief requested." Repp did not respond within the prescribed twenty-day period.

In *Sabin v. State*, 129 Idaho 257, 258, 923 P.2d 502, 503 (Ct.App.1996), this Court stated:

> In cases where the trial court issues a notice of intent to dismiss under Section 19–4906(b), setting forth the grounds and giving the applicant twenty days to respond, the failure of the applicant to file a responsive pleading or to challenge the district court's rationale through a post-judgment motion waives any challenge to that order on appeal.

In the subsequent case of *Chavarria v. State*, 131 Idaho 446, 448, 958 P.2d 603, 605 (Ct. App.1998), we elaborated: "This failure to respond to the district court's conditional dismissal order amounts to a procedural default which precludes this Court from considering these claims on appeal." Because Repp failed to timely respond to the district court's order of proposed dismissal, he has waived any challenges to the order of dismissal on appeal.

### III.

### CONCLUSION

The district court's self-effectuating order of dismissal is affirmed.

Judge PERRY concurs.

Judge LANSING specially concurring:

I write separately to express my view that the rule of *Sabin v. State*, 129 Idaho 257, 923 P.2d 502 (Ct.App.1996), which precludes appellate review of the summary dismissal of a post-conviction action if the petitioner does not respond to the district court's notice of intent to dismiss, should be reexamined and perhaps overruled. In the present appeal, however, we have been presented with no request to engage in such a reexamination, and the issue has not been briefed by either party. Therefore, adhering to principles of *stare decisis*, I concur in the Court's opinion and wait for a future opportunity, when the matter has been appropriately presented, to engage in a reevaluation of *Sabin*.