IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38505

| LEO LEE FISHER, | ) | 2012 Unpublished Opinion No. 444 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 12, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order summarily dismissing post-conviction petition, <u>affirmed</u>.

Leo L. Fisher, St. Anthony, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Leo Lee Fisher appeals from the district court's order summarily dismissing his petition for post-conviction relief. Specifically, Fisher asserts the district court erred because there was a genuine issue of fact as to whether his defense counsel provided ineffective assistance by failing to object to improper prior act evidence or to strike jurors from the panel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

An Idaho State Police officer pulled Fisher over for driving without an operational passenger-side taillight. After approaching the vehicle, the officer noticed a strong odor of alcohol emanating from Fisher and that Fisher slurred his words and had bloodshot eyes. The officer conducted field sobriety tests, which Fisher failed. Fisher then submitted to a breathalyzer test, with test results indicating he was driving with a blood alcohol content of .22. The officer arrested Fisher for excessive driving under the influence (DUI).

1

A jury found Fisher guilty after a trial on part I of the information charging felony DUI, Idaho Code §§ 18-8004, 18-8005(5). After the court entered the verdict, Fisher pled guilty to part II of the information, being a repeat offender. The district court imposed a unified sentence of nine years, with three years determinate. This Court affirmed Fisher's judgment of conviction and sentence on direct appeal. *State v. Fisher*, Docket No. 34769 (Ct. App. July 22, 2009) (unpublished).

Thereafter, Fisher filed a pro se petition for post-conviction relief, supported with an affidavit. The district court characterized Fisher's numerous assertions as three basic ineffective assistance of counsel claims: (1) defense counsel failed to object to Idaho Rule of Evidence 404(b) evidence; (2) defense counsel failed to move the court to suppress, strike, and/or challenge the selection of the jury under Idaho Code § 19-2001; and (3) defense counsel failed to abide by Fisher's wishes in filing a petition for review on appeal.

The district court issued notice of its intent to dismiss, having found Fisher failed to state facts amounting to a claim for relief. Fisher responded to the notice by asserting substantially the same facts as in the original petition without further explanation. Accordingly, the district court summarily dismissed Fisher's petition. Fisher timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). However, a petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence

2

supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition.  I.C. § 19-4903.  In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative.  Summary dismissal of a petition is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56.  A claim for post-conviction relief will be subject to summary dismissal if the petitioner "has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof."  *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)).  Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief.  If such a factual issue is presented, an evidentiary hearing must be conducted.  *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.  Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law.  *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court.  *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010).  On review of dismissal of a post-conviction relief petition without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file.  *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).  However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted."  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).  As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is

3

appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

## III.

## DISCUSSION

All of Fisher's claims relate to ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Barcella*, 148 Idaho at 477, 224 P.3d at 544. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Gonzalez v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Id.*

Fisher argues he received ineffective assistance of counsel because "defense counsel fail[ed] to object to move to strike and for the jury to be admonished, I.C. 19-2001 which led to a fundamentally unfair trial." Fisher also asserts a failure of defense counsel "to move to suppress improperly obtained jury selections." Though not clearly discerned from one another, as the district court did, we treat these as arguments of counsel's ineffective assistance in failing to

4

make motions in regards to Rule 404(b) evidence and the jury selection.[1]  In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance.  *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996).

## A.    Rule 404(b) Evidence

In support of his Rule 404(b) claim, Fisher appears to challenge probable cause for either the traffic stop or the arrest.  The majority of his argument focuses on counsel's ineffective assistance because counsel failed to seek suppression of evidence on the ground the officer did not reveal himself to be an officer.  Apparently, the arresting officer was wearing "a Hat not that of the Idaho State Police," and Fisher believes such conduct amounts to a misrepresentation. Fisher argues:

> [The] recording device in [the officer's] car, (vehicle) that records audio/video, reveals the officer [ ] character evidence to prove the officers [sic] conduct, to up hold [sic] the state law, the (Exhibit 2 of Trial Proceedings) clearly shows the pertinent of officers [sic] part, the unprofessional error of Officer Mike Winans, would not have been admitted undermining Probable Cause nor would the only direct incriminating evidence have been admitted as it was the fruit of an unconstitutional act.  Defense counsel did not object in any manner, the Court did not intervene in any way, nor did the prosecutor.  This evidence was simply ignored by everyone.  Which was a clear violation of Idaho R. Evid. 404(b)[.]

Fisher's argument exposes a fundamental misunderstanding of Rule 404(b) because the argument relates to whether a court should suppress evidence unconstitutionally seized.  Rule 404(b) prohibits the use of evidence of *other* crimes, wrongs, or acts to show a person is likely to have acted that same way in the situation in question.  In contrast, where an officer conducts an unconstitutional search or seizure, as argued by Fisher, a *motion to suppress* evidence recovered as a result is the appropriate action to keep out evidence of the crime *presently* being charged. *See* BLACK'S LAW DICTIONARY 1039 (8th ed. 2004) (defining motion to suppress as, "A request that the court prohibit the introduction of illegally obtained evidence at a criminal trial."). Although a Rule *404(b) motion* may have the effect of keeping evidence out like a motion to suppress might, the two types of motions are based on vastly different reasons for keeping the evidence out, and the type of evidence is different as well.

---

[1]    Fisher does not reassert, to this Court, his claim of ineffective assistance of counsel based on counsel's failure to abide by the wishes of Fisher on direct appeal.

Even if this Court treats Fisher's argument as a claim that defense counsel should have filed a motion to suppress evidence, Fisher's arguments have no merit. Unquestionably, a traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Yet, under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).

The arresting officer in this case had a reasonable and articulable basis for pulling Fisher over because Fisher was driving without an operational taillight on the passenger side. The officer pulled Fisher over using a marked state patrol car, and when the officer approached the vehicle and spoke with Fisher, the officer identified himself both as law enforcement and by name. Despite the allegation the officer was wearing a hat "not that of the Idaho State Police," we find no misrepresentation. Fisher makes no other assertions as to how the stop, the administration of the breath test, or the arrest were otherwise unconstitutional. Accordingly, defense counsel was not deficient in failing to make a motion to suppress evidence.

Fisher does make some passing statements in regards to his Rule 404(b) claim, which relate to that rule's purpose. Fisher asserts that (presumably) the State attempted "to prove his criminal propensity to his alcohol use based upon other illegal activity" and counsel failed to move to suppress incriminating evidence of past criminal conduct and did not object in any manner to the introduction of such evidence.

Fisher does not give any specifics as to what the supposed Rule 404(b) evidence was--whether it was evidence of prior DUIs or some other crimes, wrongs, or acts. Additionally, Fisher's trial was bifurcated, and it is not clear whether Fisher argues about Rule 404(b) evidence purportedly introduced during the trial for felony DUI or whether he complains of the past DUI convictions brought forth with regard to part II of the information to establish that Fisher was a repeat offender. The trial transcript and minute entry show that the only evidence introduced to the jury in the trial on the felony DUI was testimony from the arresting officer and the video recording of the traffic stop and arrest. As stated above, this was not improper other act evidence falling within Rule 404(b), but rather was evidence of the crime presently being charged. We

6

conclude the district court did not err in summarily dismissing Fisher's claim where the record reflects Fisher failed to raise a genuine issue of material fact showing his defense counsel was deficient in not pursuing a motion to exclude Rule 404(b) evidence.

**B.     Jury Selection**

Fisher argues his defense counsel provided ineffective assistance because counsel failed to peremptorily challenge any individual jurors or challenge the jury panel as a whole as authorized under Idaho Code § 19-2001.  Fisher argues the jury, as a result, was not impartial because of alleged actual bias resulting from the acquaintances of jury members with law enforcement officers, attorneys, and DUI offenders and because of the racial make-up of the jury.  We first address the arguments regarding juror bias.

**1.     Actual bias**

Fisher runs through the list of jurors, pointing out various acquaintances individual jurors had with attorneys, the court or particular judges, law enforcement officers, and persons charged with or convicted of DUI.  Fisher argues these acquaintances create juror bias and that defense counsel provided ineffective assistance by failing to exercise peremptory challenges to exclude unacceptable jurors.  The State responds that Fisher's litany of claimed grounds for challenging jurors does not demonstrate bias by the jurors and some of Fisher's allegations regarding the jurors are disproven by the record.  The State asserts Fisher, without establishing bias, cannot show counsel was deficient or any prejudice resulting from the jury selection.

A criminal defendant has a constitutional right to a trial by an impartial jury.  U.S. CONST. amends. V, VI, XIV; IDAHO CONST. art. 1, §§ 7, 13; *State v. Hauser*, 143 Idaho 603, 609, 150 P.3d 296, 302 (Ct. App. 2006).  To protect the right to jury impartiality, the Idaho Code provides procedural methods and standards for striking potential jurors for actual or implied bias.  I.C. §§ 19-1902, 19-2019, 19-2020.  Here, Fisher only alleged actual bias.  Actual bias of a juror is the "existence of a state of mind on the part of the juror in reference to the case, or to either of the parties, which, in the exercise of a sound discretion on the part of the trier, leads to the inference that he will not act with entire impartiality."  I.C. § 19-2019(2).  Disqualification is not required when any potential juror expresses bias toward a party; a court may rely on assurance from potential jurors concerning partiality or bias.  *Hauser*, 143 Idaho at 609, 150 P.3d at 302.  The mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is not sufficient to rebut the presumption of a prospective juror's impartiality.  *Id.*

(quoting *State v. Hairston,* 133 Idaho 496, 506, 988 P.2d 1170, 1180 (1999)).  It is enough if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.  *Id.*  Whether a juror can render a fair and impartial verdict is a determination left to the sound discretion of the trial court.  *Id.*

In *Medrano v. State*, 127 Idaho 639, 903 P.2d 1336 (Ct. App. 1995), the defendant asserted two jury members had actual bias and claimed ineffective assistance of counsel because his attorney failed to challenge for cause those members of the jury.  In rejecting this post-conviction claim, this Court concluded:

> [A] challenge for cause of a prospective juror falls within the wide range of trial strategy.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation.  *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994); *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct .App. 1989).
>
> Here, Medrano did not provide any evidence with his petition to support his conclusory allegation that prospective jurors were prejudiced against him or may have reached their verdict because of some reason other than the evidence presented at Medrano's criminal trial.  We conclude that the district court correctly dismissed this claim upon Medrano's failure to raise a genuine issue of material fact showing that his attorney's performance was deficient or that Medrano was thereby prejudiced.

*Medrano*, 127 Idaho at 647, 903 P.2d at 1344.

The circumstance here is substantially similar because Fisher does not provide any evidence to support his allegations of actual bias by jury members against him.  Fisher is correct in asserting that many jury members had acquaintances with law enforcement, attorneys, and persons convicted of or charged with DUI.  However, no member of the jury knew anything about the case through personal knowledge or public information.  No jury member was acquainted with Fisher or with the arresting officer, who was also the State's primary witness.  Upon each assertion of a relationship with a law enforcement officer, an attorney, or a person charged with DUI, the court asked whether the relationship would affect the potential juror's decision in this case, and each time, the potential juror answered no and that he or she could render a fair and impartial verdict.  The only instance in which this did not happen was with a potential juror who had lost two children to drunk drivers.  The potential juror stated, "I am just so dead against anybody drinking and driving," and the court thereafter excused him.  In the exercise of peremptory challenges, a number of other jurors presenting possible partiality,

8

despite their assurances, were excused: one who had previously been convicted of two DUI charges, had been through drug court, and was now sober; one who did not drink for religious reasons; one who did not drink at all for personal reasons and had a spouse with two prior DUI convictions who had been through drug court; another who had a close relationship with an area judge; one who was acquainted with the defense counsel and other attorneys in the same office; and two others with a close personal relationship to law enforcement officers in the area.

We fail to find any of the jurors who served in Fisher's case harbored a preconceived notion about Fisher's guilt or innocence. Each member of the jury gave assurances that other relationships with law enforcement, attorneys, or other persons convicted or charged with DUI would not affect his or her impartiality--assurances on which the court and counsel were entitled to rely. As to whether counsel's use or lack of peremptory challenges rendered his assistance ineffective, we conclude there was no inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. We consider the use of peremptory challenges to be a tactical decision and, finding no evidence giving reason to second guess those decisions, we conclude no genuine issue of material fact as to defense counsel's deficiency has been shown.

### 2. Racial discrimination

Lastly, Fisher argues arbitrary discrimination in the selection of the jury. He asserts he is entitled to a jury that is a fair cross-section of the relevant community, that a person's right to an impartial jury includes a requirement that the pool of potential jurors fairly represent the composition of the jurisdiction's population, and that representation of each group must be fair with no groups systematically excluded or underrepresented.

A defendant is entitled to a jury chosen from the relevant community on a nondiscriminatory, neutral basis. *Batson v. Kentucky*, 476 U.S. 79, 85-86 (1986). A defendant has no right, though, to a petit jury composed in whole or in part of persons of his own race. *Id.* at 85. To show that a jury was not a fair cross-section of the relevant community, a defendant must show: (1) the allegedly excluded group is distinctive; (2) representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Where a defendant does not establish or allege facts supporting each of the requirements above, a challenge to the make-up of the jury will not prevail. *See State v. Dambrell*, 120 Idaho 532, 536,

9

817 P.2d 646, 650 (1991) (finding the facts did not allege that representation of American Indians was not fair or reasonable in relation to the number of American Indians in the county, and there was no allegation the exclusion was systematic).

Here, Fisher makes only brief statements regarding the make-up of the jury. He points out that most members were Caucasian (some jurors are not identified with a race) and recites law relevant to the composition of a jury. Nonetheless, he does not identify his own race or the group of jurors allegedly excluded because of their race. Without identifying a distinctive, allegedly excluded group, Fisher cannot meet the first requirement listed in *Duren*, nor the second or third. The district court did not err in finding that Fisher failed to show the jury was not a fair cross-section of the community or systematic exclusion of a particular group. The district court also did not err in finding no genuine issue of material fact that defense counsel was deficient for failing to move to quash the jury or object to its selection exists.

### III.

### CONCLUSION

We conclude Fisher failed to establish that defense counsel was deficient for failing to object to evidence, as the evidence did not fall within Rule 404(b) and was not unconstitutionally seized. We further conclude Fisher did not show any deficiency by his defense counsel in failing to strike individual jurors or object to the jury as a whole, as there was no actual bias or discrimination. Accordingly, the district court did not err in summarily dismissing Fisher's petition for post-conviction relief, finding no genuine issue of material fact regarding Fisher's ineffective assistance of counsel claims. Therefore, we affirm the order summarily dismissing Fisher's post-conviction petition.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**